Derrick J. O'Neill ISB # 4021
JONES ♦WILLIAMS ♦FUHRMAN ♦GOURLEY, P.A.
The 9th & Idaho Center
225 N. 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email: doneill@idalaw.com

Attorney for Wollemi Acquisitions, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

In the matter of:

Nicholas Ryan Larson

    Debtor.

Case No.: 20-40001-JMM

Chapter 7

## MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE

COMES NOW Wollemi Acquisitions, LLC as successor in interest to Santander Consumer USA, Inc. dba Chrysler Capital under a Bill of Sale and Assignment dated March 31st, 2015, a copy of which is attached hereto as **Exhibit A** ("CREDITOR"), by and through its counsel of record, Jones ♦Williams ♦Fuhrman ♦ Gourley, P.A. and, pursuant to the Federal Rules of Bankruptcy and Local Bankruptcy Rule 4001.2, respectfully moves the court to modify the 11 U.S.C. § 362 stay to permit CREDITOR to foreclose its security interest in relation to 2018 JEEP Cherokee Utility 4D Latitude Plus 2WD I4, VIN# 1C4PJLLB3JD504255, and all tires, wheels, additions, substitutions, attachments,

**MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE - 1**

replacements and accessions thereof, plus the proceeds of all the foregoing (the "Collateral"):

In support of said motion, CREDITOR respectfully represents:

1. On or about January 27th, 2018 Debtor made, executed, and delivered to CREDITOR a certain Retail Installment Contract, a true and correct copy of which is attached as **Exhibit B** and incorporated herein by this reference (hereinafter the "Agreement"). The Agreement was made, executed, and delivered for and in consideration of, and for the purchase of, and to grant a security interest in, the Collateral.

2. In order to secure the obligations owed under the Agreement, the Debtor granted CREDITOR a security interest in the Collateral.

3. CREDITOR perfected its security interest upon the Collateral by causing the certificate of title for the Collateral to identify CREDITOR as the first lien holder. A true and correct copy of Certificate of Title is attached hereto as **Exhibit C**, and, by this reference, incorporated herein as though set forth in full.

4. The Agreement further provides that on the Debtor's failure or refusal to make any payments under said Agreement, the whole amount would be due and immediately payable at the option of CREDITOR, or its assignee, and that CREDITOR, or its assignee, would be entitled to the immediate possession of the Collateral.

5. The Debtor has failed to timely make the payments owed under the Agreement account for the period January, 2020 to the present date. Total arrearages as of February 24th, 2021 are $8,036.00

6. The outstanding obligation owed under the Agreement as of February 24th, 2021 is the sum of $22,306.35. Interest continues to accrue at the rate under the Agreement.

MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE - 2

7. The fair market value for the Collateral is approximately $17,775.00 for a clean retail value and $15,400.00 for a wholesale/trade-in value, pursuant to NADA pricing and information.

8. CREDITOR does not have, and has not been offered, adequate protection for its interest in the Collateral.

9. The Debtor has no equity in the Collateral, has failed to make the payments due, and the Collateral is not necessary for an effective reorganization. Accordingly, Creditor submits cause exists to terminate the stay under 11 U.S.C. § 362 (d)(2).

10. If CREDITOR is not permitted to foreclose its security interest in the Collateral, it will suffer irreparable injury, loss, and damage.

WHEREFORE, CREDITOR asks the court to enter its order terminating, annulling, or otherwise modifying the automatic stay in force in this case as to said Collateral in favor of CREDITOR, and authorizing it to take such action as it deems necessary to enforce its rights in said Collateral according to law. In the alternative, in the event the court does not modify the automatic stay as prayed for herein, CREDITOR requests the court condition the continued possession and use of the Collateral by Debtor, upon provision to CREDITOR of adequate protection of its interest herein, and specifying that said adequate protection include periodic cash payments, additional security, or such relief as seems adequate to the Court, and proof of insurance and proper maintenance.

This motion is made and based upon the records and files in this action. CREDITOR respectfully requests the court waive the fourteen (14) day stay provided for pursuant to F.R.B.P. 4001(a)(3).

## RULE 4001.2 NOTICE

NOTICE IS HEREBY GIVEN THAT CREDITOR has filed a motion with this Court for an Order granting it relief from the automatic stay.

Please take notice that pursuant to Local Bankruptcy Rule 4001.2 of the Local Bankruptcy Rules, and subject to FED. R. BANKR. P. 9006, any party in interest opposing the motion must file and serve an objection to the motion not later than seventeen (17) days after the date of service of the motion. The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion. **Absent the filing of a timely objection, the court may grant the relief sought without a hearing.** In addition, as required by Local Bankruptcy Rule 4001.2(d)(3), if an objection is filed to this motion, the objection must be served upon the movant and upon all parties receiving service of the motion. In accordance with Local Bankruptcy Rule 4001.2(e)(1), any party opposing a motion for stay relief must contact the court's calendar clerk to schedule a preliminary hearing. At the time of filing the objection to a motion, the objecting party shall file and serve a notice of such hearing.

In addition, pursuant to Local Bankruptcy Rule 4001.2 and 11 U.S.C. § 362(e), thirty (30) days after a request under 11 U.S.C. §362 (d) for relief from the stay of any act against property of the estate under 11 U.S.C. §362(a), such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

DATED this 26 day of February, 2021.

JONES ♦ WILLIAMS ♦ FUHRMAN ♦ GOURLEY, P.A.

MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE - 4

By  /s/ Derrick J. O'Neill
    Derrick J. O'Neill
    Attorney for Wollemi Acquisitions, LLC


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26 day of February, 2021 a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System which sent a Notice of Electronic Filing to the following persons:

| Kameron M Youngblood- ylocourtnotice@gmail.com |
| Gary L. Rainsdon- trustee@filertel.com |
| U.S. Trustee – ustp.region18.bs.ecf@usdoj.gov |

Additionally, I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

Nicholas Ryan Larson
420 5th Ave. W.
Wendell, ID 83355


/s/ Derrick J O'Neill
Derrick J. O'Neill

MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE - 5

## BILL OF SALE AND ASSIGNMENT

Santander Consumer USA Inc. dba Chrysler Capital ("Seller"), for value received and pursuant to the terms and conditions of the Forward Flow Financial Assets Sale Agreement, dated as of March 31, 2015, as amended from time to time (the "Financial Assets Sale Agreement"), between Seller and Wollemi Acquisitions, LLC, as successor in interest to NCEP, LLC ("Buyer"), hereby assigns effective as of the Closing Date:

(a) all rights, title and interest of Seller in and to those certain receivables, judgments or evidences of debt described in the Financial Assets Sale Agreement and Financial Asset Schedule (attached hereto as Exhibit "A") attached hereto and made part hereof for all purposes, and

(b) all principal, interest or other proceeds of any kind with respect to the Financial Assets described on the Financial Asset Schedule, but excluding any payments or other consideration received by Seller on or prior to the Cut-off Date.

Pursuant to the foregoing assignment, the Seller stipulate that Buyer may be substituted for Seller as the valid owner of the Claims relating to the Financial Assets and hereby waives any notice or hearing requirements imposed by Bankruptcy Rule 3001 (e) (2) or otherwise.

**SANTANDER CONSUMER USA INC. dba Chrysler Capital**

By: _____

Name: Mahesh Aditya

Title: President and CEO

STATE OF TEXAS )
)
COUNTY OF DALLAS )

Sworn before me this 6th day of October, *the year of our Lord*, 2020.

_____
(Notary Stamp & Signature)

My commission expires: 3-3-2024

KIMBERLY TULLOS
Notary Public, State of Texas
Comm. Expires 03-03-2024
Notary ID 6333918

Ex A

**EXHIBIT "A"**

**FINANCIAL ASSET SCHEDULE**
(Computer File – Required Data Fields)

Account Number
First Name
Last Name
Address
City
State
Zip
SSN
Co- First Name
Co- Last Name
Co-SSN
Vehicle VIN
Model Year
Vehicle Manufacturer
Vehicle Model
Contract State
Charge Off Date
Claims Category
Charge Off Principal
Date Funded
Name of Originator
Amount Financed
Current Balance
Last Transaction Date
Last Transaction Amount
Last Payment Date
Last Payment Amount
Collateralized (Y/N)
File Date
Case Number
POC Claim Amount
Title (Y/N)
Title Vendor Code
Application ID
Purchase Price Category



    

# Affidavit of Fact

One of the following names may appear on record, which is a company, affiliate, or a subsidiary company where Santander Consumer USA has rights to service, secure or release the interest on vehicle records, also to include repossession and procurement of vehicle. Please accept this as evidence and proof.

- 1st Community Federal Credit Union
- A.S. & L. Motors LTD
- ACC
- ACC Consumer Finance
- Active Financial Corporation
- Advantage Funding Group, Inc.
- Affiliated Financial Corporation
- Agents Financial
- Alice AutoPlex, Inc.
- Alphera Financial Services
- American Auto Funding Corporation
- American Credit Company
- American Financial Company, Inc.
- American General Financial Services, Inc.
- Ameristar Financial Company
- AmSouth Bank
- AmSouth Financial Corporation
- AmTrust Auto Finance
- AmTrust Bank
- Arcadia Financial LTD
- Associates Allied Financial Company
- Associates Capital Bank
- Associates Financial Services Company, Inc.
- Auto Dealer Financing Inc (ADF)
- Auto Holdings Inc.
- Auto Mortgage Bankers Corporation
- Auto One Acceptance Corporation
- Auto One Titles Administration
- Auto Select I, L.P.
- Auto Union LTD
- Autobanc Corp, d/b/a CNAC
- Autoinfo, Inc.
- Automotive Funding Group, Inc. d/b/a County Financial
- AVCO
- AVCO Financial Services of Colorado, Inc.
- AVCO Financial Services of Southern California, Inc.
- AVCO Financial Services TWO, Inc.
- AVCO Investment Corp.
- AVCO Mortgage Centers, Inc.
- Balboa Thrift & Loan Association
- Banc Financial, Inc.
- Bank Boston
- Bank of America, N.A.
- Bank of Northern Illinois, N.A.
- Barnett Dealer Financial Services, Inc.
- BarNone Consumer Finance, Inc.
- Bayquest Capital Corporation
- Beneficial
- Beneficial Loans and Thrift Company
- Bennett Brothers Motors
- BHFC Financial Services, Inc.
- Billie J. Inc. d/b/a Courtesy Auto Sales
- Billy Bailey's Affordable Auto Sales
- Billy's Auto Sales, Inc.
- Boatmen's Bank of Tennessee
- BPD Bank, NY
- C.F. Capital Finance, Inc.
- Cal Fed BK
- California Bancorp Systems, Inc.

- Callowhill Consumer Discount Company (CCDC)
- Cam Finance, Inc.
- Carloanco, Inc.
- CarNow Acceptance Corporation of Indiana, Inc.
- Challenge Financial Services, Inc.
- Chase Bank d/b/a Texas Commerce Bank
- Chrysler Financial
- Citi
- Citibank Texas N.A. FKA First American Bank
- CitiFinancial
- CitiFinancial Auto
- CitiFinancial Auto Corporation
- CitiFinancial Auto Credit Corp
- Coast-To-Coast SPV-1 Corp
- Commonwealth Thrift
- Compass Bank
- Credit Acceptance Corporation
- Credit Car America, Inc.
- Credit Country, Inc. d/b/a Car Country
- Credit Union Acceptance Corporation
- CU Dealer Direct, LLC
- Custom Auto Finance
- DaimlerChrysler Services North America LLC
- Dallas North Acceptance Corporation
- DC FIN SERV
- DC Fin Services North America
- DC FIN SVCS AMER LLC
- DC Financial
- DC Financial Services
- DC Services NA LLC
- DCFS USA LLC
- Deutsche Financial Services
- DFS Corp
- Drive Financial
- Drive Financial Services
- Eagle Finance Corp
- Eastern Bank Corporation
- Easy Ride Auto Sales, Inc.
- Edgar County Bank & Trust Company
- Elite Motors
- E-Loans, Inc.
- Enterprise Plan, Inc.
- EPIC Financial Services, L.L.C.
- Equity Auto Finance, Inc.
- Equity One
- ETRADE Consumer Finance Corp
- ETRADE Financial Corp
- Excalibur Financial Services, LP
- Federated Funding V, L.L.C.
- Ferro Industries Inc. d/b/a Marc Schooley Motor Co.
- Fifth Third Bank
- First Auto Credit, Inc.
- First Community Federal Credit Union
- First Credit
- First Financial Credit Corp.
- First Hialeah Community Credit Union
- First Landmark Acceptance Group, Inc.
- First Western Bank
- FirstCity Consumer Finance

- FirstCity Funding Corp.
- FirstCity Servicing
- Fiscal Financial, Inc.
- Flagship Credit Corporation
- Fleet Financial Corporation
- Folsoms Auto Sales Corporation-John Folsom
- Franklin Capital Corporation
- Franklin Motor Company-Michael D. Ripptoe
- Franklin Receivables LLC
- Franklin Templeton Bank and Trust
- Friendly Car Company, Inc.
- Ganis Credit Corp
- GE Capital Consumer
- GE Capital Corp
- GE Capital Retail
- GEMB
- GEMB Lending
- General Acceptance Corporation
- Gillco Finance Company
- Golden State Research Company
- Goshen Fidelity, Inc.
- Granite Financial Company, Inc.
- Graypoint Funding, LLC
- Guaranty Bank
- Guaranty Federal Bank, FSB
- Guess Motor Acceptance, Inc.
- Gulf States Acceptance Company, LP.
- HACC
- HAF
- HAFC
- HAFI
- Hamilton Capital Group, Inc.
- Harbourton Reassurance, Inc.
- HFC
- HFC Auto Credit Corp.
- HFTA First Financial Corporation
- Hicksville Building Loan and Savings Bank
- Hoffmeier Enterprises, Inc d/b/a Hoffmeier Auto Sales
- Holiday Auto Sales
- Household
- Household Automotive Corp
- Household Automotive Credit Corp
- Household Automotive Finance
- Household Automotive Finance Corp
- Household Automotive Funding
- Household Bank FSB
- Household Finance
- Household Realty Corporation
- HSBC
- HSBC Auto
- HSBC Auto Accounts
- HSBC Auto Credit
- HSBC Auto Finance
- HSBC Bank USA, N.A.
- HSBC Credit Center
- HSBC Motor Credit
- Huntington State Bank
- Imperial Thrift and Loan Association
- Independent Bank
- Interstate Diversified Financial, Inc.



| TRIAD FINANCIAL | HSBC | RoadLoans.com | citi financial auto | Sovereign Bank |
|---|---|---|---|---|

- Interstate Net Bank
- JBM Auto Sales, Inc.
- Jerry's Texas Sales, Inc.
- Kar Financial, Inc.
- Karlen Motor Company, Inc.
- Kentucky Finance Co, Inc.
- Landen Motors, Inc.
- Leisa's Auto, Inc.
- Lendco Financial Services, Inc.
- Loan Pros, Inc
- Local Acceptance Company of Florida
- M & I Marshall & Ilsley Bank
- M-97 Auto Sales
- Marlton Auto Credit Corporation
- Mid-Atlantic Finance
- Mill Creek Bank
- Mills State Bank
- Mission Oaks National Bank
- Mitsubishi Motor Credit America, Inc.
- MMCA
- Motor Vehicle Acceptance Corp.
- Motors Acceptance Corp.
- Mr. B Motor Company
- Mr. B Motor Company and TAS Inc
- N.F.S. Inc d/b/a Northcoast Financial Services
- NAF Auto Loan Trust
- National Auto Financial Auto Loan Trust
- NationsBank Dealer Financial Services, Inc.
- Nationwide Auction Systems, Inc.
- NBD Bank
- Netbank
- New Horizons Community Credit Union
- New York Community Bank
- Norwest Bank Minnesota, National Association
- OFLA
- OFL-A Receivables Corporation
- Ohio Savings Bank
- Olympic Financial LTD
- One Source Finance LLC d/b/a Lendco Auto Finance
- Overland Financial Services, LLC
- Paynes Car Company

- Penn Acceptance Corporation
- PeopleFirst
- Peters Auto Sales, Inc.
- Plano Bank & Trust
- Preferred Auto Finance, LLC
- Prestige Financial Services, Inc.
- Price Right Automotive
- Provident Bank of Maryland
- Quantum Auto Group, LLC
- R & C Premier Sales, Inc.
- Record Acceptance Corp
- Regency Financial Corp
- Reliant Financial Corp
- Richardson Ford, Inc. d/b/a North Central Ford
- Ricky's Auto Sales Co, Inc.
- River Works Credit Union
- Rivera Motors, LLC
- Rivergate Corp. d/b/a Automobile Acceptance Corp
- RoadLoans
- RoadLoans.com
- Sams White Finance Co.
- Santander
- Santander Auto Finance
- Santander Consumer
- Santander Consumer Funding 3 LLC
- Santander Consumer USA Inc.
- Seawest Acceptance, Inc.
- Security National Automotive Acceptance Corp.
- Seneca Finance
- Sierra Acceptance Corp
- Sinclair Financial Group, Inc.
- Smith Auto Sales
- Snipes Used Cars
- Southeast Lending, Inc.
- Sovereign Bank
- Spirit Automotive
- STA, Inc. d/b/a Car Mart Auto Sales
- Stanford Federal Credit Union
- Star Financial Services, Inc.
- Sterling Bank
- Stonesage Financial Corporation

- Sun States Financial Co., Inc.
- Sunshine Auto Sales, Inc.
- Sunshine Enterprise of Charleston, Inc.
- Superior Bank FSB
- Synergy Bank
- Taylor Trading Company
- TD Auto Finance LLC
- Texas Commerce Bank
- Texas Credit Corp.
- The Berlin City Bank
- Thor Credit Corp
- Timberlink Settlement Services
- TranSouth Financial Corp.
- TranSouth Mortgage Corp.
- Triad Capital Corp.
- Triad Capitol Corp.
- Triad Financial Corp
- Triad Financial Services
- U.S. Financial Corp.
- UABO
- UAC
- UACC
- Union Acceptance Corp
- United Auto Business Operations
- United Auto Credit
- United Auto Credit Corp.
- UNO Auto Sales
- Virtual Lending Source, LLC
- Voyager Financial Services, Inc.
- Wells Fargo Bank
- Whitey's Discount Auto Sales
- Wilder Finance Corp.
- World Omni Financial Corp.
- Young Chevrolet Company d/b/a YES Finance Co.

Sincerely,

Santander Consumer USA Inc.



Subscribed and sworn to before me this _____ day of _____, 2013

Notary Public, State of Texas, County of Tarrant

Santander Consumer USA | Titles Department | PHONE 800.526.0157 | FAX 214.237.3549

5201 Rufe Snow Drive | North Richland Hills, Texas 76180



# Chrysler Capital

## Lien and Title Information

| | |
|---|---|
| **Account Number** | |
| **Loan Number** | |
| **Branch** | |
| **Borrower 1** | LARSON, NICHOLAS R |
| **Borrower 2** | |
| **Borrower Address** | 450 5TH AVE W POB 813<br>WENDELL, ID 83355 |
| **Financed Date** | 2/1/2018 |
| **Perfected Date** | 2/12/2018 |
| **Payoff Date** | |
| **Dealer ID** | |
| **Dealer** | MOUNTAIN HOME CHRYSLER JEEP DO |
| **Dealer Address** | 2800 AMERICAN LEGION BLVD<br>MOUNTAIN HOME, ID 83647 |

| | |
|---|---|
| **ELT Lien ID** | |
| **Lienholder** | CHRYSLER CAPITAL |
| **Lienholder Address** | PO BOX 961272<br>FT WORTH,, TX 76161-9401 |
| **Lien Release Date** | |

| | |
|---|---|
| **VIN** | 1C4PJLLB3JD504255 |
| **Title Number** | |
| **Title State** | ID |
| **Year** | 2018 |
| **Make** | JEEP |
| **Model** | CHK |
| **Owner 1** | LARSON, NICHOLAS RYAN |
| **Owner 2** | |
| **Owner Address** | PO BOX 813<br>450 5TH AVE W<br>WENDELL, ID 83355 |
| **Issuance Date** | 2/9/2018 |
| **Received Date** | 2/12/2018 |
| **ELT/Paper** | ELECTRONIC |
| **Odometer Reading** | 47 |
| **Branding** | |

# Retail Installment Sale Contract

**Buyer Name and Address:**
NICHOLAS RYAN LARSON
450 5TH AVE W/PO BOX 813
WENDELL ID 83355

**Seller (Name and Address):**
MOUNTAIN HOME AUTO RANCH
2800 AMERICAN LEGION BLVD
MOUNTAIN HOME, ID 83647

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-in-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| NEW | 2018 | JEEP CHEROKEE | 1C4PJLLB3JD504255 | Personal, family or household unless otherwise indicated below: ☐ business ☐ agricultural ☐ _____ |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $2151.45 |
|---|---|---|---|---|
| 14.90 % | $ 15312.82 | $ 27737.18 | $ 43050.00 | $ 45201.45 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | 574.00 | Monthly beginning 03/13/2018 |
| N/A | N/A | |

Or As Follows: N/A

Late Charge. If payment is not received in full within _10_ days after it is due, you will pay a late charge of $ _19.00_ or _5_ % of the part of the payment that is late, whichever is _greater_.

Prepayment. If you pay off all your debt early you will not have to pay a penalty.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See the contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including $ 1139.13 sales tax) .................. $ 27035.63
2. Total Downpayment =
   Trade-in 2011 DODGE AVENGER
   (Year)    (Make)    (Model)
   Gross Trade-in Allowance $ 1500.00
   Less Pay Off Made By Seller $ 5948.55
   Equals Net Trade In $ -4448.55
   + Cash $ 850.00
   + Other REBATE(S) $ 5750.00
   (If total downpayment is negative, enter "0" and see 4I below) $ 2151.45
3. Unpaid Balance of Cash Price (1 minus 2) .................. $ 24884.18
4. Other Charges including Amounts Paid to Others on Your Behalf:
   A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies:
      Life $ N/A
      Disability $ N/A    $ N/A
   B. Vendor's Single Interest Insurance Paid to Insurance Company $ N/A
   C. Other Optional Insurance Paid to Insurance Company or Companies $ N/A
   D. Optional Gap Contract $ 795.00
   E. Official Fees Paid to Government Agencies $ N/A
   F. Government Taxes Not Included in Cash Price $ N/A
   G. Government License and/or Registration Fees
      N/A $ N/A
   H. Government Certificate of Title Fees $ 14.00
   I. Optional Service Contract Paid to PORTFOLIO $ 1703.00
   J. Other Charges (Seller must identify who is paid and describe purpose)
      to N/A for Prior Credit or Lease Balance $ N/A
      to MOUNTAIN HOME AUTO for DOC FEE $ 339.00
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
   Total Other Charges and Amounts Paid to Others on Your Behalf $ 2853.00
5. Amount Financed (3 + 4) .................. $ 27737.18

**Purchase of an optional Service Contract is not required either to purchase or to obtain financing for the vehicle.**

OPTION: ☐ N/A you pay finance charge N/A Amount Financed, item 5, is paid in full on or before _____ Year _____ SELLER'S INITIALS _____

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 75     EXPRESS AUTOGAP
Name of Gap Contract
Buyer Signs X _Nicholas Larson_

## NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _Nicholas Larson_ Co-Buyer Signs X N/A
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _Nicholas Larson_ Date 01/27/18  Co-Buyer Signs X N/A  Date N/A

Other owner MOUNTAIN HOME AUTO RANCH  01/27/18  Address
Seller signs _____ Date _____ By X _S. Thweatt_ Title _CEO_

Seller assigns its interest in this contract to CHRYSLER CAPITAL (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse   ☒ Assigned without recourse   ☐ Assigned with limited recourse
Seller MOUNTAIN HOME AUTO RANCH   By _S. Thweatt_   Title _CEO_

LAW FORM NO. 853 ID-ARB

**Ex B**

### 1. FINANCE CHARGE AND PAYMENTS

a. **How we will figure Finance Charge.** We will figure the Finance Charge [██] Annual Percentage Rate on the unpaid part of the Amount Financed.

**How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

**How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or lower payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**Your right to refinance a balloon payment.** A balloon payment is a scheduled payment that is more than twice as large as the average of your earlier scheduled payments. If you are buying the vehicle primarily for personal, family, or household use, you have the right to refinance the balloon payment when due without penalty. The terms of the refinancing will be no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

### 2. YOUR OTHER PROMISES TO US

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract, or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

### 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

b. **You may have to repay all you owe at once.** If you break your promises (default), we may demand that you pay all that you owe on this contract at once. Default means:
- You do not pay any payment on time; or
- You give false, incomplete, or misleading information on a credit application, you start a proceeding in bankruptcy or one is started against you or your property, or you break any agreements in this contract, except that if you bought the vehicle primarily for personal, family, or household purposes, we will only treat these events as defaults if they significantly impair the prospect of payment, performance, or realization of the collateral.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fee and court costs, as the law allows. You will also pay any reasonable collection costs we incur to enforce our security interest, as the law allows.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle. We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

### 4. WARRANTIES SELLER DISCLAIMS

Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

### 5. Used Car Buyers Guide.
The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

### 6. SERVICING AND COLLECTION CONTACTS

You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

### 7. APPLICABLE LAW

Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

### ARBITRATION PROVISION
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.



# Chrysler Capital

## Lien and Title Information

| | | | |
|---|---|---|---|
| **Account Number** | | **Financed Date** | 2/1/2018 |
| **Loan Number** | | **Perfected Date** | 2/12/2018 |
| **Branch** | | **Payoff Date** | |
| **Borrower 1** | LARSON, NICHOLAS R | **Dealer ID** | |
| **Borrower 2** | | **Dealer** | MOUNTAIN HOME CHRYSLER JEEP DO |
| **Borrower Address** | 450 5TH AVE W POB 813<br>WENDELL, ID 83355 | **Dealer Address** | 2800 AMERICAN LEGION BLVD<br>MOUNTAIN HOME, ID 83647 |

| | |
|---|---|
| **ELT Lien ID** | |
| **Lienholder** | CHRYSLER CAPITAL |
| **Lienholder Address** | PO BOX 961272<br>FT WORTH,, TX 76161-9401 |
| **Lien Release Date** | |

| | | | |
|---|---|---|---|
| **VIN** | 1C4PJLLB3JD504255 | **Issuance Date** | 2/9/2018 |
| **Title Number** | | **Received Date** | 2/12/2018 |
| **Title State** | ID | **ELT/Paper** | ELECTRONIC |
| **Year** | 2018 | **Odometer Reading** | 47 |
| **Make** | JEEP | **Branding** | |
| **Model** | CHK | | |
| **Owner 1** | LARSON, NICHOLAS RYAN | | |
| **Owner 2** | | | |
| **Owner Address** | PO BOX 813<br>450 5TH AVE W<br>WENDELL, ID 83355 | | |

Ex C 1/1

**Your Safety • Your Mobility
Your Economic Opportunity**

IDAHO TRANSPORTATION
DEPARTMENT
P.O. Box 7129 • Boise, ID 83707-1129
(208) 334-8000 • itd.idaho.gov

Document ID: 39f6823a-6422-4723-ad8a-c54381bbe7dd

## MOTOR VEHICLE RECORD

Date: Feb 26, 2021

Jones Gledhill Fuhrman Gourley, P.A.
P.O. Box 1097
Boise, ID 83701

RE: Motor Vehicle Record Request

This is the motor vehicle record you requested. If you need further information, please contact the Idaho Transportation Department, Motor Vehicle Records desk, at (208) 334-8663 or DMVHelp@itd.idaho.gov.

### Owner Information

| OWNER | ADDRESS |
|---|---|
| LARSON, NICHOLAS RYAN | PO BOX 813 |
|  | WENDELL, ID 83355-0813 |

### Title Information

| TITLE NUMBER | TITLE STATUS | ISSUE DATE | PRINTED DATE | RECORDED DATE |
|---|---|---|---|---|
| 183014024 | Issued | Feb 9, 2018 |  | Feb 5, 2018 |

| PRIMARY LIENHOLDER NAME |  | ADDRESS |
|---|---|---|
| CHRYSLER CAPITAL |  | PO BOX 961272 |
| OTHER LIENHOLDERS | NO | FORT WORTH, TX 76161-0272 |

### Vehicle Information

| VIN 1 | | VIN 2 | | VIN 3 | |
|---|---|---|---|---|---|
| 1C4PJLLB3JD504255 | | | | | |
| YEAR | MAKE | MODEL | BODY | COLOR | BRAND |
| 2018 | JEEP | CHEROKEE | Carry-All/SUV | BLACK | |
| WEIGHT | LENGTH | WIDTH | ODOMETER | ODOMETER STATUS | ODOMETER DATE |
| 000000 | | | 47 | Actual | Jan 27, 2018 |
| RELEASE OF LIABILITY | | No | | | |

Section 49-203 Idaho Code prohibits the release of personal information contained in driver and vehicle records to unauthorized parties, without express written consent of the individual the information pertains to. As an authorized requester, you may receive this information, but you may not release or resell it.