**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

In re:  LARSON, NICHOLAS RYAN                    §    Case No. 20-40001-JMM
                                                 §
                                                 §
                                                 §
            Debtor(s)

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on 01/01/2020. The undersigned trustee was appointed on 01/01/2020.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of            $          5,369.00

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 5.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 5,364.00 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)**

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 11/03/2020 and the deadline for filing governmental claims was 06/29/2020. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,286.90. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,286.90, for a total compensation of $1,286.90$^2$. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $39.99 for total expenses of $39.99$^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/19/2021                              By: /s/ Gary L. Rainsdon
                                                             Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

---

$^2$If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (5/1/2011)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Exhibit A

Page: 1

Case No.: 20-40001-JMM  
Case Name: LARSON, NICHOLAS RYAN  
For Period Ending: 04/19/2021

Trustee Name: (320120) Gary L. Rainsdon  
Date Filed (f) or Converted (c): 01/01/2020 (f)  
§ 341(a) Meeting Date: 02/10/2020  
Claims Bar Date: 11/03/2020

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 2018 Jeep Cherokee 4WD | 21,000.00 | 0.00 | | 0.00 | FA |
| 2 | Household Goods | 1,480.00 | 0.00 | | 0.00 | FA |
| 3 | Stereo $20, DVD Player $25, 50 DVD's $50, Gaming Console $200, 6 Video Games $50, Digital Camera $100, Computer $200, Printer/Copier/Scanner $30 | 675.00 | 0.00 | | 0.00 | FA |
| 4 | Winchester 1300 shot gun | 400.00 | 0.00 | | 0.00 | FA |
| 5 | Beretta 9mm $200 | 200.00 | 0.00 | | 0.00 | FA |
| 6 | Mens Clothing $300, Childrens Clothing $300. | 600.00 | 0.00 | | 0.00 | FA |
| 7 | MISC. Costume Jewelry $150 | 150.00 | 0.00 | | 0.00 | FA |
| 8 | Deposits of money: US Bank (1) Checking | 0.00 | 0.00 | | 0.00 | FA |
| 9 | Deposits of money: Pioneer (1) Checking (1) Minors savings account | 0.00 | 0.00 | | 0.00 | FA |
| 10 | Stephanie Vanleishout owes approximately for $75.00 per month for the last two years | 0.00 | 0.00 | | 0.00 | FA |
| 11 | Transamerica Life Insurance Policy Term Policy: Debtors Daughter | 0.00 | 0.00 | | 0.00 | FA |
| 12 | 2019 Tax Refunds (u)<br>Estate gets all - total $5,019.00 ($4030 Fed / $989 State)<br>See Adversary Asset #13 | Unknown | 5,019.00 | | 0.00 | FA |
| 13 | Adversary #21-08003 (u)<br>Adversary for Tax Refunds ($5,019) and Filing Fee ($350) | Unknown | 5,369.00 | | 5,369.00 | FA |
| 13 | **Assets Totals (Excluding unknown values)** | **$24,505.00** | **$10,388.00** | | **$5,369.00** | **$0.00** |

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Exhibit A
Page: 2

| | |
|---|---|
| **Case No.:** 20-40001-JMM | **Trustee Name:** (320120) Gary L. Rainsdon |
| **Case Name:** LARSON, NICHOLAS RYAN | **Date Filed (f) or Converted (c):** 01/01/2020 (f) |
| | **§ 341(a) Meeting Date:** 02/10/2020 |
| **For Period Ending:** 04/19/2021 | **Claims Bar Date:** 11/03/2020 |

### Major Activities Affecting Case Closing:

04/16/2021 order dismissing adversary filed.
04/16/2021 sent Order Dismissing Complaint to revoke Discharge to the judge. cb
04/16/2021 rcvd okay from atty caval on motion to dismiss adversary, filed it with court. jh
4/13/2021 glr prepared motion to dismiss, sent to atty caval for review. jh
03/18/2021 rcvd email from Atty, she is working on Motion to Dismiss adv. and motion to disgorge atty youngblood's fees. jh
03/18/2021 Atty filed Answer to Complaint for Adv. jh
03/17/2021 rcvd email from Atty Caval, she is working on answer to summons and motion to dismiss adversary, will be filing them in a few days. jh
03/17/2021 sent email to Atty, to see if they are going to file answer to summons. jh
03/12/2021 Lori went to Caval Law to pick up check, Received ck 3124 $350 from FS Larson cb
3/11/2021 rcvd email from Atty Caval, asked if Lori will come pick up the other check for the remaining $350, responded yes. jh
03/10/2021 rcvd ck # 3123 for $5,019 from Atty Caval. jh
03/10/2021 Lori went to Caval Law Office to pick up check for $5,019 for 2019 tax refunds. jh
03/10/2021 rcvd email from Atty Caval, she will talk to Debtor about $350 filing fee he needs to pay to Trustee. jh
03/10/2021 rcvd email from Atty Caval, she has the check for $5,019, called her and left message that debtor also needs to pay the $350 filing fee as listed in the adversary complaint. jh
03/08/2021 rcvd call from Tyler McGee, will not be representing debtor and rcvd call from Alex Caval, asked for update on case she might be taking his case, tt glr. jh
3/7/2021 rcvd email from Debtor, he has check ready and will be sending it. jh
3/2/2021 rcvd email from Debtor, he is working on sending the money to pay estate, Atty Youngblood finally returned his call/message, glr forwarded email to Jason @ UST. jh
03/01/2021 rcvd email from Debtor, he is sending check to pay estate and has meeting set up with Tyler McGee to see if he can get new atty in case. jh
02/23/2021 rcvd email from Debtor, with screen shots of messages with Atty Youngblood discussing funds to trustee issue, debtor also sent copy to Jason @ UST, said he was looking for new atty, glr responded with address to send check. jh
02/22/2021 glr called UST Jason Naess and followed up with email, explaining call from Debtor, regarding behavior of atty youngblood. jh
02/22/2021 rcvd call from Debtor, he got the revoke adv., he said atty youngblood won't contact him, told him to spend his 2019 tax return, that he filed on debt of ex-wife and atty youngblood told him that his money/debts wouldn't be affected, atty never told Debtor to turnover money to Trustee, let him know we've made several attempts starting summer 2020 to collect funds from Debtor through Atty and staff, GLR tt Debtor, sent list of atty's in area Debtor wants to find new atty for case, asked for permission to contact UST about atty youngblood issue, asked for debtor to turnover $5,019 for 2019 tax refunds due to estate. jh
02/08/2021 re-mailed summons executed to Debtor to correct address, after review of mailing and summons, the address of service for debtor was listed correctly on the certificate of service, when jordan printed the envelope the wrong address was printed and it was not caught before mailing. jh
02/04/2021 called Wendell Post Office, they said address is not a deliverable address. Called Nicole at court, said they have not had any return mail in bnc mailings for debtor, okay to file notice of non-delivery of summons and re-issue summons. jh
2/3/2021 rcvd the summons sent to debtor, back from usps marked as "no mail receptacle, unable to forward". jh
01/25/2021 prepared, filed and mailed summons executed to debtor and bk atty. jh
01/21/2021 prepared docs and filed adversary (complaint, summons, cover sheet, app to defer fees) Dkt # 1 & 2. jh
1/19/2021 glr sent email to Atty Youngblood, let him know we are preparing to file an adversary against debtor for not complying on income tax turnover. jh
1/18/2021 glr responded to email from Atty youngblood on 1/9/2021, let him know we are working on adversary complaint for non-compliance of Income Tax Turnover Order, we have contacted his office several times asking for the tax refunds to be turned over and sent letters with no response. We will file adversary if no compliance from debtor immediately. jh
11/20/2020 reviewed 6 claims. no obj. lr
10/02/2020 tt atty youngblood and sent email request for 2019 tax refunds. jh

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Exhibit A
Page: 3

**Case No.:** 20-40001-JMM  
**Case Name:** LARSON, NICHOLAS RYAN  
**For Period Ending:** 04/19/2021

**Trustee Name:** (320120) Gary L. Rainsdon  
**Date Filed (f) or Converted (c):** 01/01/2020 (f)  
**§ 341(a) Meeting Date:** 02/10/2020  
**Claims Bar Date:** 11/03/2020

9/30/20 REMAINING ISSUES:
 - Collect 2019 Refunds or File Adversary, Review claims, TFR, distribution, TDR

09/03/2020 tt mark @ Atty office, asked if Debtor needed to turnover tax refund, I told him yes, Mark said the debtor had received the refund and spent it already, I asked when the refund was received and mark said he thought in April or May. Mark said he would like the Debtor know that he owes the money to the estate and is trying to get this case taken care of asap. I told Mark the total due to the estate is $5,019.00. jh
08/26/2020 rcvd update mailing address for debtor, resent tax demand letter to new address. jh
08/26/2020 sent follow up email to Atty for updated mailing address. jh
08/20/2020 sent email to atty, asked for updated mailing address for debtor. jh
8/10/2020 rcvd tax 10 day letter back as unable to forward. jh
08/05/2020 rcvd email from Mark @ Atty office, he will let the debtor know to send trustee a check for the full amount requested. jh
08/05/2020 filed notice of assets. jh
08/05/2020 sent email to atty office, for turnover of $5,019, the full amount of the 2019 tax refunds. jh
7/31/2020 rcvd copy of 2019 tax returns. jh
7/31/2020 Sent 10 day letter for tax returns/refunds. lr
04/24/2020 Reviewed assets cb

**Initial Projected Date Of Final Report (TFR):** 07/31/2020    **Current Projected Date Of Final Report (TFR):** 04/19/2021 (Actual)

UST Form 101-7-TFR (5/1/2011)

# Form 2

## Cash Receipts And Disbursements Record

Exhibit B

Page: 1

| Case No.: | 20-40001-JMM | Trustee Name: | Gary L. Rainsdon (320120) |
|---|---|---|---|
| Case Name: | LARSON, NICHOLAS RYAN | Bank Name: | Metropolitan Commercial Bank |
| Taxpayer ID #: | **-***0766 | Account #: | ******3530 Checking |
| For Period Ending: | 04/19/2021 | Blanket Bond (per case limit): | $51,601,059.00 |
| | | Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 03/12/21 | {13} | FE Larson | Funds from adversary for 2019 tax refunds | 1249-000 | 5,019.00 | | 5,019.00 |
| 03/12/21 | {13} | FE Larson | Adversary fees | 1249-000 | 350.00 | | 5,369.00 |
| 03/31/21 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 5.00 | 5,364.00 |
| | | | COLUMN TOTALS | | 5,369.00 | 5.00 | $5,364.00 |
| | | | Less: Bank Transfers/CDs | | 0.00 | 0.00 | |
| | | | Subtotal | | 5,369.00 | 5.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $5,369.00 | $5.00 | |

{ } Asset Reference(s)    UST Form 101-7-TFR (5/1/2011)    ! - transaction has not been cleared

**Form 2**

Exhibit B

**Cash Receipts And Disbursements Record**

Page: 2

| | | | |
|---|---|---|---|
| **Case No.:** | 20-40001-JMM | **Trustee Name:** | Gary L. Rainsdon (320120) |
| **Case Name:** | LARSON, NICHOLAS RYAN | **Bank Name:** | Metropolitan Commercial Bank |
| **Taxpayer ID #:** | **-***0766 | **Account #:** | ******3530 Checking |
| **For Period Ending:** | 04/19/2021 | **Blanket Bond (per case limit):** | $51,601,059.00 |
| | | **Separate Bond (if applicable):** | N/A |

| | |
|---:|---:|
| Net Receipts: | $5,369.00 |
| Plus Gross Adjustments: | $0.00 |
| Less Payments to Debtor: | $0.00 |
| Less Other Noncompensable Items: | $0.00 |
| Net Estate: | $5,369.00 |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCES |
|---|---:|---:|---:|
| ******3530 Checking | $5,369.00 | $5.00 | $5,364.00 |
| | **$5,369.00** | **$5.00** | **$5,364.00** |

UST Form 101-7-TFR (5/1/2011)

Printed: 04/19/2021 8:51 AM

# Exhibit C

## Claims Register

Page: 1

**Case: 20-40001-JMM NICHOLAS R. LARSON**

**Claims Bar Date:** 11/3/20 12:00

| Claim # | Claimant Name/ <Category>, Priority | Claim Type/ Date Filed | Acct#/ Memo/Journal | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| FEE | Gary L. Rainsdon<br>P.O. Box 506<br>Twin Falls, ID 83303<br><br><2100-00 Trustee Compensation>, 200 | Admin Ch. 7<br>03/18/21 | | $ 1,286.90<br>$ 1,286.90 | $0.00 | $1,286.90 |
| TE | Gary L. Rainsdon<br>P.O. Box 506<br>Twin Falls, ID 83303<br><br><2200-00 Trustee Expenses>, 200 | Admin Ch. 7<br>04/19/21 | | $ 39.99<br>$ 39.99 | $0.00 | $39.99 |
| | US Bankruptcy Court<br>801 E. Sherman<br>Pocatello, ID 83201<br><br><2700-00 Clerk of the Court Fees>, 200 | Admin Ch. 7<br>01/21/21 | For Adversary Filing Fee - #21-08003 | $ 350.00<br>$ 350.00 | $0.00 | $350.00 |
| 1 | Michael J Archibald<br>M2 Law Group PC 1855 N Lakes Pl<br>Meridian, ID 83642<br><br><7100-00 Section 726(a)(2) General Unsecured Claims>, 610 | Unsecured<br>08/14/20 | Transworld Systems Inc x6499 | $ 26,148.70<br>$ 26,148.70 | $0.00 | $26,148.70 |
| 2 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083<br><br><7100-00 Section 726(a)(2) General Unsecured Claims>, 610 | Unsecured<br>08/17/20 | x5491 | $ 752.05<br>$ 752.05 | $0.00 | $752.05 |

Printed: 04/19/2021 8:51 AM

Page: 2

# Exhibit C

## Claims Register

**Case: 20-40001-JMM NICHOLAS R. LARSON**

**Claims Bar Date:** 11/3/20 12:00

| Claim # | Claimant Name/ <Category>, Priority | Claim Type/ Date Filed | Acct#/ Memo/Journal | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 3 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk, VA 23541<br><7100-00 Section 726(a)(2) General Unsecured Claims>, 610 | Unsecured<br>10/22/20 | Dell Financial x6739 | $ 1,578.70<br>$ 1,578.70 | $0.00 | $1,578.70 |
| 4 | Resurgent Receivables LLC<br>c/o Resurgent Capital Serivces<br>PO Box 10587<br>Greenville, SC 29603-0587<br><7100-00 Section 726(a)(2) General Unsecured Claims>, 610 | Unsecured<br>10/27/20 | x6532 Paypal<br>1/6/2021 transfer of claim to Resurgent Receivables LLC | $ 1,297.90<br>$ 1,297.90 | $0.00 | $1,297.90 |
| 5 | Resurgent Receivables LLC<br>c/o Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587<br><7100-00 Section 726(a)(2) General Unsecured Claims>, 610 | Unsecured<br>10/27/20 | x9003 Amazon<br>1/6/2021 transfer of claim to Resurgent Receivables LLC | $ 820.30<br>$ 820.30 | $0.00 | $820.30 |
| 6 | Wollemi Acquisitions, LLC<br>P.O. Box 4138<br>Houston, TX 77210<br><4210-00 Personal Property & Intangibles - Consensual Liens>, 100 | Secured<br>11/03/20 | 11/25/2020 claim amended, added document. All secured<br>x9975 Santander Consumer USA Inc, an Illinois corporation dba Chrysler Capital filed as secured by 2018 Jeep Cherokee<br>Trustee did not liquidate asset securing this claim. Claimant will not receive a distribution. | $ 22,305.85<br>$ 0.00 | $0.00 | $0.00 |

**Case Total:** $0.00   $32,274.54

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 20-40001-JMM
Case Name: NICHOLAS R. LARSON
Trustee Name: Gary L. Rainsdon

**Balance on hand:**   $                5,364.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 6 | Wollemi Acquisitions, LLC | 22,305.85 | 0.00 | 0.00 | 0.00 |

Total to be paid to secured creditors:   $   0.00
Remaining balance:   $   5,364.00

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Gary L. Rainsdon | 1,286.90 | 0.00 | 1,286.90 |
| Trustee, Expenses - Gary L. Rainsdon | 39.99 | 0.00 | 39.99 |
| Charges, U.S. Bankruptcy Court | 350.00 | 0.00 | 350.00 |

Total to be paid for chapter 7 administrative expenses:   $   1,676.89
Remaining balance:   $   3,687.11

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:   $   0.00
Remaining balance:   $   3,687.11

UST Form 101-7-TFR(5/1/2011)

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

|  |  |  |
|---|---|---|
| Total to be paid for priority claims: | $ | 0.00 |
| Remaining balance: | $ | 3,687.11 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $30,597.65 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 12.1 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Michael J Archibald | 26,148.70 | 0.00 | 3,151.00 |
| 2 | Capital One Bank (USA), N.A. | 752.05 | 0.00 | 90.62 |
| 3 | Portfolio Recovery Associates, LLC | 1,578.70 | 0.00 | 190.24 |
| 4 | Resurgent Receivables LLC | 1,297.90 | 0.00 | 156.40 |
| 5 | Resurgent Receivables LLC | 820.30 | 0.00 | 98.85 |

|  |  |  |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 3,687.11 |
| Remaining balance: | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

|  |  |  |
|---|---|---|
| Total to be paid for tardily filed general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

|  |  |
|---|---|
| Total to be paid for subordinated claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |